J-S22037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY ALLAN MCADOO, | : | |
| | : | |
| Appellant | : | No. 1797 WDA 2014 |

Appeal from the PCRA Order Entered October 2, 2014,
in the Court of Common Pleas of Indiana County,
Criminal Division, at No(s): CP-32-CR-0000137-2013

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 22, 2015**

Gregory Allan McAdoo (Appellant) attempts to appeal from the order entered on October 2, 2014, which granted in part and denied in part his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We remand with instructions.

The background underlying this matter can be summarized as follows. Appellant and his cousin, Nathan Yanity, were charged with several crimes in connection with breaking into a home and stealing contents therein. Appellant's charges were docketed in the trial court at number CP-32-CR-0000137-2013 (Case 137).  As to Case 137, a jury convicted Appellant of, *inter alia*, conspiracy to commit burglary.  The trial court sentenced Appellant on August 5, 2013.  Appellant, through counsel, timely filed a post-sentence motion, which the trial court denied on August 16, 2013.

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal but later discontinued that appeal. We further observe that, according to the PCRA court, at trial court docket number CP-32-CR-0000139-2013 (Case 139), Appellant, who was represented by a different counsel than he was in Case 137, pled guilty to criminal attempt (theft) on September 13, 2013.[1] PCRA Court Opinion, 10/2/2014, at 1.

On April 7, 2014, Appellant *pro se* filed a PCRA petition in Case 137. The PCRA court appointed counsel to represent Appellant. PCRA counsel subsequently filed an amended petition; however, PCRA counsel captioned the amended PCRA petition as filed under Cases 137 and 139. The amended petition presented a number of claims of ineffective assistance of counsel.

The PCRA court held an evidentiary hearing on September 3, 2014. On October 2, 2014, the PCRA court entered an order which stated, in relevant part, as follows:

> [I]t is hereby ordered and directed that the [PCRA] petition is granted in part and denied in part. The petition is granted with respect to [Case 139]. [Appellant's] sentence for [Case 139] shall be vacated and all charges dismissed. [Appellant's] direct appeal rights shall be restored for [Case 137]. All other claims for relief are denied.

---

[1] Unfortunately, the certified record is unclear as to the exact relationship between the charges filed in Cases 137 and 139. As best we can discern from the record and the PCRA court's opinion, Appellant was charged with various crimes at several docket numbers, including Cases 137 and 139, due to a string of home burglaries he and Yanity committed in a short period of time. PCRA Court Opinion, 10/2/2014, at 8.

PCRA Court Order, 10/2/2014 (unnecessary capitalization omitted). Notably, the court did not inform Appellant as to when he should file a notice of appeal in order to initiate a direct appeal *nunc pro tunc*. Additionally, in the opinion the PCRA court authored in support of its order, the court, *inter alia*, rejected Appellant's requests for a new trial based upon his claims of ineffective assistance of counsel. PCRA Court Opinion, 10/2/2014, at 2-7.

On October 30, 2014, Appellant filed a notice of appeal. The notice referenced only Case 137. In addition, the notice did not state that Appellant intended to appeal his judgment of sentence; rather, it asserted that Appellant was appealing the order which granted in part and denied in part his PCRA petition.

On November 4, 2014, the PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant subsequently filed a 1925(b) statement.[2] The PCRA court later issued a statement in response to the 1925(b) statement wherein the court relied upon its opinion filed in support of its decision to grant in part and deny in part Appellant's PCRA petition.

At this point, we observe that, during the PCRA hearing, the PCRA court responded to Appellant's various arguments by expressing that it was inclined to reinstate Appellant's right to a direct appeal in Case 137. PCRA counsel seemed to suggest that Appellant was not seeking the reinstatement

---

[2] In addition to counsel's 1925(b) statement, Appellant *pro se* filed a document which he described as a 1925(b) statement.

of that right. N.T., 9/3/2014, at 52. Yet, the PCRA court's order clearly reflects that the court reinstated Appellant's right to file a direct appeal at Case 137.

The Commonwealth did not appeal the PCRA court's order, and Appellant's brief to this Court does not attack the PCRA court's decision to grant him the right to file a direct appeal *nunc pro tunc* at Case 137. Moreover, on appeal, Appellant does not raise issues directly attacking his judgment of sentence; rather, he assigns error to the manner in which the PCRA court disposed of three of his claims that he is entitled to a new trial due to the ineffective assistance of trial counsel.[3]

With all of these considerations in mind, we conclude that the most prudent and legally-sound decision is to remand the matter to the lower court to allow Appellant to pursue the relief the PCRA court granted to him - the reinstatement of his direct appeal rights.[4] Upon remand, Appellant will

---

[3] These claims cannot be pursued at this stage. Except in rare circumstances not present here, ineffective-assistance-of-counsel claims can be raised only on collateral review. ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013).

[4] As we noted above, the order restoring Appellant's right to file a direct appeal did not indicate that Appellant had to file a notice of appeal within 30 days of the court's order in order to initiate a timely-filed direct appeal *nunc pro tunc*. Had the PCRA court instructed Appellant to file a direct appeal *nunc pro tunc* within 30 days of the court's order, our decision to remand and allow Appellant to pursue his direct appeal, at least arguably, would not be available to this Court. ***See Commonwealth v. Wright***, 846 A.2d 730, 734-35 (Pa. Super. 2004) (explaining that an appellant must file a notice of appeal within 30 days of the order granting the reinstatement of direct

have 30 days to file a notice of appeal in order to initiate a direct appeal *nunc pro tunc*. If Appellant timely files a notice of appeal, he is limited to raising on appeal issues directly attacking his judgment of sentence.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/22/2015

---

appeal rights *nunc pro tunc* but further observing that the order granting those rights must inform the appellant that he or she has to file the notice of appeal within 30 days).